UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

9/11/26

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>DAVID MORRIS,<br><br>Defendant. | CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ <u>MONEY JUDGMENT</u><br><br>S1 25 Cr. 350 (VM) |

WHEREAS, on or about May 5, 2026, DAVID MORRIS (the "Defendant"), was charged in a six-count Superseding Information, S1 25 Cr. 350 (VM) (the "Information"), with unlicensed dealing of firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A) (Count One); trafficking in firearms, in violation of Title 18, United States Code, Section 933(a)(1) (Count Two); distribution of narcotics, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C) (Counts Three and Five); and firearms use, carrying, and possession, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (Counts Four and Six);

WHEREAS, the Information included a forfeiture allegation as to Counts One, Two, Four, and Six of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offenses charged in Counts One, Two, Four, and Six of the Superseding Information, including but not limited to:

i. The following firearms in the possession of law enforcement that the Defendant sold to law enforcement between March 28, 2025, and May 9, 2025:

a. Beretta model APX handgun, serial number A015825X;

b. Canik 55 model TP9SF Elite handgun, serial number 21BH12576;

c. Glock Model 19 handgun, serial number BUFW659;

d. Taurus Model G3 handgun, serial number ADC08501;

e. Smith & Wesson Model M&P 380 Shield EZ handgun, serial number REP3257;

f. Smith & Wesson Model M&P 9 Shield PC handgun, serial number HYU9624;

g. Taurus Model G2C handgun, serial number TLZ45823;

h. Taurus Model G2C handgun, serial number ADD214207;

i. Taurus International Model PT738 TCP handgun, serial number 77460B;

j. Ruger Model EC9S handgun, serial number 45728741;

k. Ruger Model LCP Max handgun, serial number 380977917;

l. Ruger Model LCP handgun, serial number 372451121;

m. Ruger Model LCR handgun, serial number 154310054;

n. SCCY Industries Model CPX2 handgun, serial number C344028;

o. Sig Sauer Model P365 SAS handgun, serial number 66B416304;

p. CZ Model CZ P09 handgun, serial number B550851;

q. CZ Model CZ75 B handgun, serial number H178907;

r. Ruger Model Security9 handgun, serial number 384-3352;

s. Ruger Model Ruger57 handgun, serial number 643-78146;

t. Glock Model 19Gen5 handgun, serial number BSCY426;

u. Taurus Model G3C handgun, serial number ACL534187;

v. Taurus Model G2C handgun, serial number AAL047272;

w. Taurus Model G2C handgun, serial number TLN16794;

x. Taurus Model PT809C handgun, serial number TGP62863;

y. Taurus Model 856 Ultralite handgun, serial number LS87739;

z. Taurus Model Judge handgun, serial number AGB016787;

aa. Smith & Wesson Model M&P 9 Shield EZ handgun, serial number NHR4744;

bb. Smith & Wesson Model M&P 9 Shield Plus handgun, serial number JRN7253;

cc. Sig Saur Model P365 handgun, serial number 66A546522;

dd. AMT California Model Backup handgun, serial number DI18835;

ee. Taurus Model G3C handgun, serial number ADA863162;

ff. Taurus model G2C handgun, serial number AEB0888334;

gg. Glock 19 Gen5 handgun, serial number BMTV277;

hh. Glock PMF handgun, serial number AAE4027;

ii. Smith & Wesson SD40VE, serial number FTU0030;

jj. Smith & Wesson M&P 45 Shield handgun, serial number JBW3351;

kk. Smith & Wesson M&P 40 Shield handgun, serial number HVH9019;

ll. Smith & Wesson M&P Shield handgun, serial number JHT5070;

mm. Smith & Wesson M&P Shield handgun, serial number JFM5178;

nn. Smith & Wesson SD40 handgun, serial number FBD5276;

oo. Smith & Wesson SD40VE handgun, serial number HFN8294;

pp. Berretta 92FS handgun, serial number SER235090;

qq. Ruger Max9 handgun, serial number 350196878;

rr. Ruger 57 pistol handgun, serial number 64343067;

ss. Sig Sauer P365 handgun, serial number 66A443813;

tt. FEG PA-63 handgun, serial number AC1970; and

uu. Zigana PX9 handgun, serial number T062021BM04116

(a. through uu., collectively, the "Specific Property");

WHEREAS, the Information included another forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States, Code, Section 934(a)(l), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the offense charged in Count Two of the Information, and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about May 5, 2026, the Defendant pled guilty to Counts Two and Four of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts Two and Four of the Information and agreed to forfeit to the United States, pursuant to (i) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), all right, title and interest of the Defendant in the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $30,600 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property the Defendant which constitutes firearms involved in the offense charged in Counts Two and Four of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney James M. McDonald, United States Attorney, Assistant United States Attorney Kathryn Wheelock, of counsel, and the Defendant and his counsel, Neil P. Kelly, Esq., that:

1. As a result of the offense charged in Count Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $30,600 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts Two and Four of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant DAVID MORRIS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii)

shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________ 9-9-26
DATE

Kathryn Wheelock
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2415

DAVID MORRIS

By: ______________________________ 9/11/2026
David Morris
DATE

By: ______________________________ 9/11/2026
Neil P. Kelly, Esq.
DATE
Attorney for Defendant
52 Daune Street, 10th Floor
New York, NY 10007

SO ORDERED:

______________________________ 9-11-2026
HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE
DATE